UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| METROPOLITAN LIFE INSURANCE, | ) | |
|---|---|---|
| COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:07-CV-6 |
| v. | ) | |
| | ) | Edgar / Lee |
| TRACEY L. GREENE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.     Introduction**

Defendants, Tracey L. Greene (Defendant Greene") and her minor daughter (the "Minor Defendant"), filed a motion requesting the Court to appoint a guardian *ad litem* for the Minor Defendant on the Complaint for Interpleader filed by Plaintiff Metropolitan Life Insurance Company ("Metropolitan") [Doc. No. 7]. Defendants' motion was granted and certain matters were referred to the undersigned for an evidentiary hearing and for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) [Doc. No. 8].

On April 17, 2007, attorney John M. Higgason, Jr. ("Attorney Higgason"), was appointed as the guardian *ad litem* for the Minor Defendant and a status conference was scheduled [Doc. No. 9]. At the June 12, 2007 conference, Attorney Higgason reported his findings and the parties requested that the Court review the Minor Defendant's interests and the proposed resolution of this matter. Present at the conference were: (1) Attorney Higgason for the Minor Defendant and (2) attorney H. Franklin Chancey for Defendant Greene. Participating in the conference by telephone was attorney Joel T. Galanter for Metropolitan.

**II.     Background**

On January 8, 2007, Metropolitan filed an interpleader complaint against the Defendants [Doc. No. 1] alleging Dessie Lee Howard ("Decedent") was a participant in the Citigroup Basic Life Insurance Plan ("Plan") [*id.* at 1-2, ¶¶ 4-6]. Decedent died on March 2, 2006 [*id.* at 2, ¶ 9]. At the time of her death, Decedent had basic life insurance under the Plan in the amount of $53,000.00 [*id.* at 2, ¶ 7].

Prior to her death, Decedent executed a Designation of Beneficiary Form in which she listed her granddaughter, the Minor Defendant, as the primary beneficiary for seventy-six percent (76%) of the life insurance benefits payable under the Plan. [*id.* at 2, ¶ 8]. On the same beneficiary form in the space for naming a contingent beneficiary, Decedent listed her daughter, Defendant Greene, as beneficiary of the remaining twenty-four percent (24%) of the life insurance benefits payable under the Plan. [*id.*].

On May 15, 2006, Metropolitan received completed claim statements for the basic life benefits payable under the Plan from Defendant Greene on behalf of herself and the Minor Defendant [*id.* at 3, ¶¶ 10-11]. In a letter dated June 20, 2006, Metropolitan informed the Defendants that the seventy-six percent (76%) portion of the life insurance benefits designated for the Minor Defendant was undisputed; and, on October 3, 2006, Metropolitan placed seventy-six percent of the insurance proceeds into a Blocked Total Control Account on behalf of the Minor Defendant because she is a minor [*id.* at 3, ¶¶ 12, 13].

In its June 20, 2006 letter, Metropolitan also advised Defendants that the Decedent's intent for distribution of the remaining twenty-four percent (24%) of the life insurance benefits, $12,720 plus any interest, was unclear because a contingent beneficiary is to collect only if the primary

beneficiary predeceases the insured or gives up his/her rights to the insurance benefits [*id.* at 3, ¶ 12]. In its letter, Metropolitan gave the Defendants an opportunity to resolve this matter so as to preserve the remaining insurance benefits from litigation costs and fees [*id.*]. In a letter of November 2, 2006, counsel for Defendant Greene informed Metropolitan that no agreement would be forthcoming regarding the remaining insurance plan benefits [*id.* at 4, ¶ 15].

It its interpleader complaint, Metropolitan states it has no interest in the remaining insurance benefits, which it acknowledges should be paid according to the findings and instructions of this Court [Doc. No. 1].

### III. Agreed Judgment

At the June 12, 2007 conference, the parties were in agreement that the disputed insurance proceeds, $12,720.00 plus any applicable interest, were the property of Defendant Greene. The parties also agreed Attorney Higgason, as guardian *ad litem* for the Minor Defendant, had rendered valuable services to the Court and the Minor Defendant and should be awarded attorney's fees in the amount of $830.00, which fees should be paid from the aforementioned disputed insurance proceeds. Finally, the parties were in agreement that the disputed insurance proceeds plus any applicable interest should be paid to Defendant Greene in care of her attorney, H. Franklin Chancey. The parties have submitted an Agreed Judgment to this effect. The parties have agreed that the fees and remaining proceeds should be paid directly as noted in the Agreed Judgment, and it is not necessary for the funds to be paid into the Court.

Based upon the representations of the parties at the June 12, 2007 conference that: (1) the dispute in this action stemmed from a clerical mistake on the beneficiary form of the Decedent, (2) the disputed proceeds were rightfully the property of Defendant Greene, and (3) the Minor

Defendant has no valid claim to the disputed proceeds, the undersigned **CONCLUDES** that accepting the Agreed Judgment submitted by the parties is in the best interest of all concerned, including the best interest of the Minor Defendant.

Based upon the conclusions of the parties as stated at the June 12, 2007 conference, any further proceedings in this matter would not result in the Minor Defendant being found entitled to any portion of the disputed insurance proceeds and further proceedings on this matter would only result in an increase in the attorney's fees and costs, thereby reducing the insurance proceeds. Thus, the proposed Agreed Judgment appears to be in the best interest of the Minor Defendant.

## IV. Conclusion

Accordingly, it is **RECOMMENDED** the district judge approve the Agreed Judgment submitted by the parties.[1]

s/Susan K. Lee
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).